IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SIR GIORGIO SANFORD CLARDY,

        Plaintiff,

v.

JONES, STEINER, JOST, JUDY
GILMORE, JASON BELL, MILLER,
COLLETTE PETERS, WAGGONER,
BUGHER, MOONEY, JOHN AND
JANE DOES, all members of IPC
Committee;

        Defendants.

No. 2:15-cv-01241-CL

ORDER

HERNÁNDEZ, District Judge:

Magistrate Judge Clarke issued a Findings and Recommendation [78] on December 19, 2016, in which he recommends that this Court grant Defendants' Motion for Summary Judgment [23], and deny Plaintiff's Motion for Temporary Restraining Order [29], Motion for Leave to File Second Supplemental Declaration in Support of Temporary Restraining Order and

1 - ORDER

Preliminary Injunction [75], and Motion for Stay [77]. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections to the Magistrate Judge's Findings & Recommendation. Pl.'s Obj., ECF 32. Defendants did not respond. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Upon review, the Court agrees with Judge Clarke's recommendation to dismiss Plaintiff's 42 U.S.C. § 1983 claims for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e). Thus, the Court grants summary judgment to Defendants on these claims.

As to Plaintiff's state law claims, the Court declines to exercise supplemental jurisdiction and, thus, does not adopt Judge Clarke's analysis of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (providing that if the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well). *See also Schneider v. TRW, Inc.*, 938 F.2d 986, 993–994 (9th Cir. 1991) (explaining that the district court has discretion to dismiss supplemental claims).

Plaintiff filed 22 pages of single-spaced, handwritten objections. Plaintiff's primary objection is to any consideration by Judge Clarke of Defendants' affirmative defenses. According to Plaintiff, Defendants' affirmative defenses are procedurally waived and admitted because Defendants failed to raise them in a timely manner. Plaintiff is incorrect.

On December 11, 2015, the Court issued to Defendants a Notice of Lawsuit and Request for Waiver of Service of Summons ("Notice"). *See* ECF 7. In the Notice, the Court explained that if Defendants complied with the Court's request and returned the waiver to the Court, no summons would be served. *Id.* Instead, the action would proceed as if Defendants had been served on the date the waiver was filed. *Id.* Defendants were also informed that execution of the waiver form would not increase the time in which to file their answer; in other words, their answer still needed to comply with the time limits set forth in Federal Rule of Civil Procedure 12(a)(1)(A) or (a)(3). *Id.* Defendants subsequently sought and received an extension of time in which to file their waiver of service form. *See* ECF 9, 12.

Defendants filed their waiver of service form on February 16, 2016. ECF 12, 17. Thus, Defendants' answer was due by March 8, 2016, 21 days after February 16, 2016. *See* Fed. R. Civ. P. 12(a)(1)(A). On March 8, 2016, Defendants filed their answer, which included affirmative defenses. ECF 21. Therefore, Defendants' answer and assertion of affirmative defenses was timely.

Plaintiff also objected to Judge Clarke's determination that the Oregon Tort Claims Act ("OTCA") requires the Court to substitute the State of Oregon for individually named defendants and, thus, dismiss Plaintiff's state law tort claims as barred by the Eleventh Amendment. Plaintiff argues that, because he alleges damages in excess of the OTCA's statutory cap, his action may be maintained as one against individually named defendants.[1] Pl.'s Obj. 12, ECF 83.

---

[1] O.R.S. 30.265(4) provides, in part, that:
    If an action under ORS 30.260 to 30.300 alleges damages in an amount greater than the damages allowed under ORS 30.271, 30.272 or 30.273, the action may be brought and maintained against an officer, employee or agent of a public body, whether or not the public body is also named as a defendant.
The statutory cap for a single claimant bringing a cause of action between July 1, 2015 and July 1, 2016 is $2,048,300. *See* O.R.S. 30.271(4) and

In addition, Plaintiff argues that, because he alleges that Defendants were not acting within the scope of their employment, the OTCA does not require the Court to substitute the State of Oregon for individual defendants. *Id.* at 13. Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, it is unnecessary for the Court to opine on the merit of Plaintiff's arguments.

The Court reviewed the remainder of Plaintiff's objections and found them unavailing.[2]

///

///

///

///

///

///

---

http://www.courts.oregon.gov/OJD/docs/courts/circuit/Table_of_Liability_Limits.pdf (last accessed, April 19, 2017). Plaintiff's complaint alleges damages in excess of this amount. *See* Compl. 24, ECF 2.

[2] For example, Plaintiff objects to Judge Clarke's finding that there is no defendant "John Jones" properly before this Court because there is nothing in the record to establish that such defendant was served. *See* F&R 7, ECF 78. Plaintiff is correct that Defendants' Waiver of Service form lists "Jones" as one of the defendants who waives service. Decl. Opp. Summ. J. Ex. 7 ("Waiver of Service Form"), ECF 32-1 at 34. Therefore, the Court does not adopt that portion of the F&R. However, this does not change the Court's overall conclusion.

CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Clarke's Findings and Recommendation [78]. The Court grants Defendants' Motion for Summary Judgment [23] as to Plaintiff's §1983 claims and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court denies Plaintiff's Motion for Temporary Restraining Order [29], Motion for Leave to File Second Supplemental Declaration in Support of Temporary Restraining Order and Preliminary Injunction [75], and Motion for Stay [77].

Any appeal from this Order would be frivolous and not taken in good faith. Therefore, Plaintiff's *in forma pauperis* status is revoked.

IT IS SO ORDERED.

DATED this  23  day of  April , 2017.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge